UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Eric Geaslin, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Colony Ridge Development, LLC d/b/a Terrenos Santa Fe,<br><br>Defendant. | CASE NO. 4:24-cv-2418<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Nature of this Action**

1. Eric Geaslin ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Colony Ridge Development, LLC d/b/a Terrenos Santa Fe ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

**Parties**

4. Plaintiff is a natural person who at all relevant times resided in Plantersville, Texas.

1

5. Defendant is a Texas limited liability company with a principal place of business in Conroe, Texas.

6. Defendant, by and through a number of business names such as "Terrenos Santa Fe" and "Terrenos Houston," operates a real estate development business.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) as both Plaintiff and Defendant are based in this district and a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(346) 239-XXXX.

11. Plaintiff uses his cellular telephone as one of his personal residential telephone numbers.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered his cellular telephone number with the DNC on December 5, 2019.

14. Beginning in late 2022 and continuing through the present, Plaintiff began receiving text messages on his cellular telephone from several telephone numbers, including:





15.     Upon information and belief, Defendant's text messages were composed and sent in Spanish, and purport to market Defendant's real estate and real estate services.

16.     Upon information and belief, Defendant owned the real estate depicted in its text messages to Plaintiff.[1]

17.     Terrenos Santa Fe's website interchangeably references Terrenos Houston, and notes that "TerrenosSantaFe.com is a subsidiary of Terrenos Houston."[2]

18.     Plaintiff did not recognize the sender of these text messages, nor does Plaintiff speak or read Spanish.

19.     Plaintiff did not make any inquiries with Defendant, or anyone else, regarding the purchase of real estate.

20.     Plaintiff is not, and was not, interested in Defendant's services or marketing.

21.     Plaintiff did not previously contact or transact with Defendant.

22.     In fact, upon information and good faith belief, and in light of allegations made by government regulators such as the Consumer Finance Protection Bureau, Defendant engages in a "predatory" business model through which is seeks to solicit Hispanic consumers to purchase land or property under unfavorable financial conditions. *See CFPB v. Colony Ridge Development, LLC et al*, Case No. 23-cv-4729, ECF No. 1 (S.D. Tex.).

23.     Defendant sent, or caused to be sent, over twenty advertisement or telemarketing text messages to Plaintiff's cellular telephone between 2022 and 2023.

---

[1]     *See* https://www.colonyridge.com/find-property-for-sale/ (last visited June 26, 2024) ("We can help find the right property for you! Colony Ridge Development, LLC has residential subdivisions with half-acre residential lots and other properties available in many areas. Sales Representatives are readily available to speak with you! For more information, visit Terrenos Houston by accessing the link below.").

[2]     https://terrenossantafe.com/en/terms-conditions-eng/ (last visited June 26, 2024).

24. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

25. Defendant sent the text messages at issue for non-emergency purposes.

26. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

27. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

28. Specifically, as a real estate developer, Defendant sought to solicit Plaintiff to purchase land or property from, or through, Defendant.

29. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

30. Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

31. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

32. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Colony Ridge Development, LLC d/b/a Terrenos Santa Fe delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Colony Ridge Development, LLC d/b/a Terrenos Santa Fe's or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Colony Ridge Development, LLC d/b/a Terrenos Santa Fe delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of

this complaint through the date of class certification.

**Sender Identification Class:**[3]

> All persons and entities throughout the United States (1) to whom Colony Ridge Development, LLC d/b/a Terrenos Santa Fe delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Colony Ridge Development, LLC d/b/a Terrenos Santa Fe's or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Colony Ridge Development, LLC d/b/a Terrenos Santa Fe, and a telephone number or address at which Colony Ridge Development, LLC d/b/a Terrenos Santa Fe may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

33. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

34. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

35. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

36. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

37. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

38. Plaintiff's claims are typical of the claims of the members of the Classes.

39. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant

---

[3] The "Federal Do-Not-Call Registry Class" and the "Sender Identification Class" are collectively referred to as the "Classes."

delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry.

40. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted.

41. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

42. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

43. Plaintiff suffered the same injuries as the members of the Classes.

44. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

46. Plaintiff will vigorously pursue the claims of the members of the Classes.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

50. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

51. Issues of law and fact common to all members of the Classes include:

a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

d. Defendant's violations of the TCPA; and

e. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow

the existence of inconsistent and incompatible rights within the Classes.

57. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

59. There will be no extraordinary difficulty in the management of this action as a class action.

60. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Federal Do-Not-Call Registry Class

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any

9

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

65. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

66. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal Do-Not-Call Registry Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

68. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

70. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom*

*Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

71. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

72. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

74. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, solicitations to telephone subscribers such as Plaintiff and the Sender Identification Class while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

75. Defendant therefore violated 47 U.S.C. § 227(c)(5) because of its violations of 47 C.F.R. § 64.1200(d)(4).

11

76. Plaintiff and the Sender Identification Class were harmed by Defendant's omission of this required information because they were (1) frustrated by their inability to identify the entity responsible for the solicitation communications at issue; (2) required to spend time attempting to identify the entity responsible for sending the text messages at issue; and (3) required to spend additional time investigating methods to get Defendant to stop delivering those messages.

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff and the Sender Identification Class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action;

    b. Designating Plaintiff as a class representative of the proposed Classes under Federal Rule of Civil Procedure 23;

    c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

    e. Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

    f. Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B);

    g. Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 26, 2024

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk *(Attorney in Charge)*
Texas Bar No. 24117430
S.D. Tex. ID No. 3412403
Bryan A. Giribaldo
Texas Bar No. 24124547
S.D. Tex. ID No. 3657465
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
Fax: (877) 453-8003
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

*Counsel for Plaintiff and the proposed classes*