Case 4:24-cv-02418   Document 33   Filed 09/17/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC GEASLIN, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H:24-CV-2418 |
| COLONY RIDGE DEVELOPMENT, LLC d/b/a TERRENOS SANTA FE, | § § § § | |
| Defendant. | § | |

<u>ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT</u>

The Court has been advised that the parties to this action, Eric Geaslin ("Plaintiff"), and Colony Ridge Development, LLC d/b/a Terrenos Santa Fe ("Defendant"), through their respective counsel, have agreed, subject to the Court's final approval following notice to the class members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in their written settlement agreement (the "Settlement Agreement"), which has been filed with the Court. The Court accepts and uses herein the definitions set forth in the Settlement Agreement.

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **February 17, 2026**, after notice to the class members, to consider whether the

proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this lawsuit. It is therefore

ORDERED:

The Court finds that it has jurisdiction over the subject matter of the action and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant shall cause to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Settlement Class Members") with respect to the claims asserted in this action:

> All persons throughout the United States (1) to whom Colony Ridge Development, LLC d/b/a Terrenos Santa Fe delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Colony Ridge Development, LLC's or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Colony Ridge Development, LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) whose residential telephone numbers are included in the Settlement Class Data, (4) between June 27, 2020 and May 7, 2025.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily appoints Eric Geaslin as the class representative and Alex D. Kruzyk and Bryan A. Giribaldo of Pardell, Kruzyk & Giribaldo, PLLC as Class Counsel. The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment in connection with a settlement under Rule 23, namely:

A. The Settlement Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C. Plaintiff's claims are typical of the claims of the Settlement Class Members;

D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement

Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: (1) the evident absence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed; (4) the likelihood of Plaintiffs' success; (5) the range of possible recovery; (6) Defendant's defenses; and (7) the opinions of class counsel. *See* Davis v. Mindshare Ventures LLC, 2020 WL 3246329 (S.D. Tex. 2020) (citing Union Asset Mgmt. Holding A.G. v. Dell, 669 F.3d 632, 639 n.1) (5th Cir. 2012)).

The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

A. whether the class representative and Class Counsel have adequately represented the class;

B. whether the proposal was negotiated at arm's length;

C. whether the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3), the Settlement Agreement being the only such agreement the parties have so identified; and

D. whether the proposal treats Settlement Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The Court appoints a third-party class Administrator acceptable to and recommended by the parties: Class Experts Group, LLC. The Administrator will administer the settlement and notifications to Settlement Class Members. The Administrator will be responsible for mailing the approved class action notice and settlement checks to the Settlement Class Members. All costs of administration approved by the Court will be paid out of the Settlement Fund of $1,994,123.00.

The postcard notice (Exhibit 4 to the Settlement Agreement), in the last sentence of the section captioned, "**What does the settlement provide?**", shall state the dollar estimate that "each valid claimant will receive between $1,000.00 and $2,000.00, depending on the number of class members who participate," which estimated range of amounts is consistent with the Question and

Answer Notice (Exhibit 2 to the Settlement Agreement). Subject to the foregoing, the Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as Exhibits 4, 1, and 2, respectively, to the Settlement Agreement.

The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute a reasonable mode of notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the Settlement Class Members of their rights. In accordance with the Settlement Agreement, the class Administrator will cause the postcard notice to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than 30 days after the Court's entry of this order, i.e., no later than **October 17, 2025**. The class Administrator will confirm, and if necessary, update the addresses for the Settlement Class Members through a standard methodology that the class Administrator uses to update addresses. In addition, the Question & Answer Notice, and all relevant pleadings, will be made available to Settlement Class Members through a dedicated website.

6

Any class member who desires to be excluded from the class must send a written request for exclusion to the class Administrator with a postmark date no later than **December 15, 2025**. To be effective, the written request for exclusion must state the class member's full name, address, and telephone number, along with a statement that the class member wishes to be excluded, and must be signed by the class member. Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any class member who intends to object to the fairness of this settlement must file a written objection with the Court no later than **December 15, 2025**. Further, any such class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Alex D. Kruzyk and Bryan A Giribaldo, Pardell, Kruzyk & Giribaldo, PLLC, 7500 Rialto Blvd. Suite 1-250 Austin, Texas 78735, along with a copy to counsel; and (2) for Defendant, Eric Chenoweth, Ajamie LLP, 711 Louisiana Street, Suite 2150, Houston, TX 77002.

To be effective, a notice of intent to object to the proposed settlement must:

A. Contain a heading which includes the name of the case and case number;

B. Provide the full name, address, current telephone number, and signature of the class member filing the objection;

7

C. Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called by Defendant;

D. Must state whether the objection is applicable only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection;

E. Be sent to Class Counsel and counsel for Defendant at the addresses above by firstclass mail, postmarked no later than **December 15, 2025**;

F. Be filed with the Clerk of the Court no later than **December 15, 2025**;

G. Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Texas; and

H. Identify any documents which such objector desires the Court to consider.

Any class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable

law, in opposition to the fairness, reasonableness, and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual class member, not as the representative of a group or subclass and not by the act of another person acting or purporting to act in a representative capacity. Any objection that includes a request for exclusion will be treated as an exclusion. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

The Court orders that any member of the settlement class who does not submit a timely, written request for exclusion from the settlement class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the settlement class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

The class Administrator will mail a settlement check to each class member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks to the Settlement Class Members must be sent via U.S. Mail no later than 30 days after the judgment in this case becomes final.

Eric Geaslin may petition the Court to receive an amount not to exceed $12,000.00, as acknowledgement of his role in prosecuting this case on behalf of the Settlement Class Members.

The Court sets a fairness hearing (the "Final Fairness Hearing") as follows:

*Date: February 17, 2026*
*Time: 2:00 p.m.*
*U.S. Courthouse & Federal Building*
*515 Rusk Street, Courtroom 11D*
*Houston, Texas 77002*

At the hearing the Court expects to rule upon:

A. Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C. Whether the final order and judgment, as proposed in the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and consider any other issues the Court deems appropriate.

Attendance at the Final Fairness Hearing is not necessary. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action

settlement. Class members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued by Court orders filed in this case, but without further individual notice to Settlement Class Members.

Memoranda in support of the proposed settlement must be filed with this Court no later than **January 14, 2026**. Opposition briefs to any of the foregoing must be filed no later than **January 28, 2026**. Reply memoranda in support of the foregoing must be filed with this Court no later than **February 4, 2026**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by Class Counsel, or in support of an incentive award, must be filed with this Court no later than **November 17, 2025**. Opposition briefs to any of the foregoing must be filed no later than **December 15, 2025**. Reply memoranda in support of the foregoing must be filed with this Court no later than **December 30, 2025**.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement. The Court sets the following schedule:

| Date | Event |
|---|---|
| September 17, 2025 | Preliminary Approval Order Entered |
| October 17, 2025 | Postcard Notices Must have been sent |
| November 17, 2025 | Attorneys' Fees Petition Filed, and Request for an Incentive Award |
| December 15, 2025 | Deadline to Submit Claims, Send Exclusion, File Objection, or respond in opposition to Attorneys' Fees Petition and Request for an Incentive Award |
| December 30, 2025 | Deadline for reply in support of Attorneys' Fees Petition and Request for an Incentive Award |
| January 14, 2026 | Motion for Final Approval Filed |
| January 28, 2026 | Opposition to Motion for Final Approval |
| February 4, 2026 | Reply in Support of Motion for Final Approval Filed |
| February 17, 2026 at 2:00 p.m. | Final Fairness Hearing Set |

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 17TH day of September, 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE